J-S06017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY STOCKER MINA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUMBER LIQUIDATORS | : | No. 39 EDA 2020 |

Appeal from the Order Entered June 21, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No: 2014-34075

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                        **FILED MAY 4, 2021**

Appellant Anthony Stocker Mina appeals *pro se* from the order of the trial court order which granted the motion for judgment on the pleadings and the motion for summary judgment of Appellee Lumber Liquidators and dismissed Appellant's complaint.  Appellant accuses Appellee of extortion with help from both the trial court and this Court and accuses the courts of criminal conspiracy.  Because Appellant's failure to comply with the Rules of Appellate Procedure prevents us from providing meaningful appellate review, we are constrained to dismiss this appeal.

The trial court sets forth the factual and procedural history in this matter, in its opinion.  **See** Trial Ct. Op., 9/1/20, at 1-5.  Briefly, Appellant previously filed a complaint in magisterial district court against Appellee for a

_____

[*] Retired Senior Judge assigned to the Superior Court.

breach of warranty. Appellant obtained a default judgment, and Appellee failed to properly file a timely appeal. Nevertheless, Appellant attempted to file a complaint as if the notice of appeal had been accepted. When the prothonotary did not permit Appellant to file the complaint, Appellant filed a petition for leave to file an appeal *nunc pro tunc*, which the trial court ultimately dismissed.

Appellant then commenced the underlying action asserting that Appellee's failed attempt to file the notice of appeal constituted a malicious abuse of process. The trial court granted Appellee's motion for judgment on the pleadings on June 21, 2019. On November 19, 2019, the court granted Appellee's motion for summary judgment on Appellee's counterclaims to enjoin Appellant from filing additional pleadings in this action. This timely appeal followed.

Preliminarily, we must ascertain whether Appellant adhered to the Pennsylvania Rules of Appellate Procedure. Whether an appellant followed appellate procedure is a pure question of law for which "our scope of review is plenary, and the standard of review is *de novo*." **Commonwealth v. Walker**, 185 A.3d 969, 974 (Pa. 2018).

"[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted); **see**

Pa.R.A.P. 2101 (stating that the court may quash or dismiss an appeal where briefs fail to conform with requirements of Rules of Appellate Procedure).

An appellant's *pro se* status does not relieve them of their duty to comply with our Rules of Appellate Procedure.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Ullman*, 995 A.2d at 1211–12 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. 2015) (citation omitted).

The Rules of Appellate Procedure set forth specific requirements for the required content of an appellate brief. *See* Pa.R.A.P. 2111(a). Specifically, with respect to the argument portion of the brief, they provide as follows:

> **Rule 2119. Argument**
>
> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> **(b) Citations of authorities.** Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.
>
> **(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate

connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (see Pa.R.A.P. 2132).

Pa.R.A.P. 2119(a)-(c). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) (citation omitted).

> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

*Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011).

Here, our review of Appellant's brief reveals numerous violations of the Rules of Appellate Procedure. For example, Appellant's brief does not contain a statement of jurisdiction, an order or other determination in question, a statement of the scope and standard of review, or a statement of the case. *See* Pa.R.A.P. 2111(a) (1), (2), (3), (5). Additionally, Appellant's argument is not divided into as many parts as there are questions to be argued and is devoid of citation to pertinent authority or any references to the record. *See* Pa.R.A.P. 2119(a)-(c).

Furthermore, in the argument portion of his brief, Appellant never addresses the actual matter on appeal—the trial court's dismissal of his complaint for abuse of process. Appellant's one-and-a-half-page argument

consists of allegations that Appellee actually filed a notice of appeal from the default judgment and accusations against the trial court of fraudulent and illegal acts. *See* Appellant's Brief at 12-13. Appellant then reproduces the statutes defining perjury, theft by extortion, harassment, and criminal conspiracy. *See id.* at 13-32. Appellant has not developed any argument in support of his claims, and we will not do so on his behalf. *See Giant Food Stores*, 959 A.2d at 444.

Based on the foregoing, we conclude that Appellant has failed to comply with the Rules of Appellate Procedure. Because of the considerable defects in his appellate brief, we are unable to conduct meaningful appellate review without acting as Appellant's counsel. *See Giant Food Stores*, 959 A.2d at 444; *Pautenis*, 118 A.3d 386, 394; *see also* Pa.R.A.P. 2101. Therefore, we dismiss Appellant's appeal.

Appeal dismissed. Applications to strike dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2021